UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KENITA MITCHELL, an individual,

Plaintiff,

v.

STARBUCKS CORPORATION, a Corporation, and DOES 1 to 50, inclusive,

Defendants.

Case No.: 3:26-cv-04386-GPC-AHG

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**[ECF No. 3]**

On August 7, 2026, Defendant Starbucks Corporation ("Defendant") filed a motion to dismiss Plaintiff Kenita Mitchell's ("Plaintiff") premises liability claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. The Court finds the matter suitable for decision on the papers. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss with leave to amend.

## FACTUAL BACKGROUND

This is a general negligence, products liability, and premises liability action arising from an allegedly "unreasonably hot and dangerous" coffee. ECF No. 1-2 at 6–9.[1] Plaintiff alleges that on September 4, 2024, she "sustained serious injuries" from a "scolding [*sic*] cup of coffee" that spilled onto her. *Id.* at 7. She alleges that a Starbucks employee handed her the coffee down from a drive-thru window "positioned above Plaintiff," at an unsafe angle, and that the cup had an "improperly placed and unsecured, defective lid." *Id.* at 7–8. Starbucks allegedly knew of the defective lids because it received "several prior complaints" about them, yet it failed to warn her and negligently hired, trained, controlled, and supervised its employees. *Id.* at 7.

Plaintiff seeks general damages for her pain, suffering, inconvenience, and emotional distress, and special damages for her medical expenses. *Id.* at 18.

## PROCEDURAL HISTORY

On June 22, 2026, Plaintiff filed her initial complaint against Defendant Starbucks Corporation ("Starbucks") and Doe Defendants 1 through 50 in San Diego County Superior Court. ECF No. 1 at 1–2. On July 31, 2026, Defendant removed the action to this Court and invoked diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Defendant asserts that the parties are diverse: Defendant is incorporated and headquartered in Washington, and Plaintiff is domiciled in California. *Id.* at 2–3. On August 7, 2026, Defendant moved to dismiss Plaintiff's premises liability claim under Rule 12(b)(6). ECF No. 3.[2] On September 30, 2026, Defendant filed a notice of Plaintiff's non-opposition to its motion. ECF No. 5. On October 2, 2026, Plaintiff demanded a jury trial. ECF No. 8. On October 23, 2026,

---

[1] Page numbers are based on the CM/ECF pagination.

[2] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

Plaintiff's counsel, Edward Cherkezian, filed a declaration that asserted Plaintiff's non-opposition to the motion to dismiss. ECF No. 9 ¶ 9.[3]

## LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where there is "no cognizable legal theory in support of the plaintiff's claim or an absence of sufficient facts alleged to support a cognizable legal theory." *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (*quoting Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (citation modified).

To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), backed by sufficient facts that make the claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing a Rule 12(b)(6) motion, the "district court must accept all material allegations in the complaint as true" and draw all reasonable inferences in favor of the non-moving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

[3] Plaintiff's counsel states in his declaration that his office "did not receive electronic notice of the Motion through the Court's system." ECF No. 9 ¶ 4. Even so, Plaintiff did not seek leave to file a late response to the pending motion and, instead, filed her non-opposition to the motion. ECF No. 9.

## DISCUSSION

Defendant moves to dismiss Plaintiff's claim for premises liability for failure to state a claim upon which relief may be granted. ECF No. 3-1 at 1.

### I. Whether Plaintiff's allegations support her claim for premises liability.

Under California law, the "elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Super. Ct.*, 384 P.3d 283, 300 (Cal. 2016). To state a premises liability claim, a plaintiff must allege "[1] that the defendant owned or controlled the property, [2] that the defendant was negligent in the use or maintenance of the property, [3] that the plaintiff was harmed, and [4] that the defendant's negligence was a substantial factor in causing the harm." *Carter v. Nat'l R.R. Passenger Corp.*, 63 F. Supp. 3d 1118, 1144 (N.D. Cal. 2014); *see also* Judicial Council of California Civil Jury Instructions ("CACI") No. 1000. At the pleading stage, the complaint must allege facts, not conclusions, that plausibly support the elements of the claim. *See Iqbal*, 556 U.S. at 678.

The first element, ownership or control, determines who owes a duty of care. "When it comes to property, control is defined as the power to prevent, remedy or guard against the dangerous condition." *Colonial Van & Storage, Inc. v. Super. Ct.*, 291 Cal. Rptr. 3d 581, 590 (Cal. Ct. App. 2022) (citation modified). A person who controls property owes that duty under California Civil Code § 1714, which provides that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person." Cal. Civ. Code § 1714(a). A store owner meets that duty if it uses ordinary care, which requires "making reasonable inspections of the portions of the premises open to customers," and the care must be "commensurate with the risks involved." *Ortega v. Kmart Corp.*, 36 P.3d 11, 15 (Cal. 2001). The second element, breach, requires negligence in the use or maintenance of the property. *Carter*, 63 F. Supp. 3d at

1144. A person who owns or controls property is negligent if he or she "fails to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others." *Id.* at 1144–45; *see also* CACI No. 1001. The third and fourth elements, harm and causation, require a plaintiff to allege damages and a breach that was "a substantial factor in bringing about plaintiff's harm." *Ortega*, 36 P.3d at 14. Causation also requires that "there is no rule of law relieving the defendant of liability." *Id.*

Defendant argues that Plaintiff's premises liability claim fails because Plaintiff pleads no facts to support the claim's elements. ECF No. 3-1 at 6–7. Despite that broad language, the motion challenges only breach, the second element. *Id.*[4] Defendant contends that Plaintiff fails to allege a dangerous condition of the property (the Starbucks store) that caused her injury. *Id.* at 6. Instead, Defendant argues, Plaintiff attributes her injury to how the store prepared and handled the coffee and to the defective lid on the coffee cup. *Id.*

In the complaint, Plaintiff mainly attributes her harm to the coffee, the lid, and a Starbucks employee who handed her the coffee at an unsafe angle. ECF No. 1-2 at 8. However, because she incorporates into her premises liability claim the facts alleged in her general negligence and products liability claims, she alleges additional causes of her harm. *Id.*; *see id.* at 7, 9. She alleges that Defendant negligently engaged in "brewing, preparing, packaging, serving, inspecting, managing, supervising, controlling and/or operating the premises . . . including, but not limited to negligently hiring, training, supervising, controlling and/or monitoring employees and agents." *Id.* at 7. Plaintiff also alleges that

---

[4] Plaintiff alleges Defendant owned and operated the store, and Defendant does not argue otherwise. *See* ECF No. 1-2 at 8; ECF No. 3-1 at 5–6. The Court therefore assumes that Plaintiff adequately pleads the first element, ownership or control, and that Defendant owed Plaintiff a duty of care.

Defendant caused her harm because it failed to warn her about the defective lids and the risks they posed. *Id.*

To satisfy the second element of a premises liability claim—breach—a plaintiff must allege negligent use or maintenance of the property. *See Carter*, 63 F. Supp. 3d at 1144–45; *Ortega*, 36 P.3d at 15 (discussing an owner's liability for a visitor's injuries "due to [a] defective condition of the premises" (citation modified)). Here, Plaintiff alleges only one fact about a condition of the property. Specifically, she alleges that the drive-thru window was "positioned above Plaintiff," which caused the employee to hand the coffee "down to Plaintiff at an unsafe angle." ECF No. 1-2 at 8. That allegation, however, does not suggest that the window itself was unsafe. Plaintiff alleges nothing about its height or design. Nor does she allege that Defendant knew or should have known that the window's position posed a risk to customers. *See Ortega*, 36 P.3d at 15. The complaint simply identifies the coffee and the cup's lid as the dangerous conditions. ECF No. 1-2 at 8 (alleging that the "unreasonably hot coffee was in a cup that was not properly secured with a defective lid" and that "[s]uch negligence created a dangerous condition"). The allegations Plaintiff incorporates from her other claims point the same way. They describe how Defendant brewed, packaged, and served its coffee and how it hired, trained, and supervised its employees. *See id.* at 7, 9. Those allegations concern Defendant's product and its employees' conduct, not a defective condition on Defendant's property.

The Court concludes that Plaintiff fails to allege breach, the second element of a premises liability claim. Plaintiff therefore does not state a premises liability claim under Rule 12(b)(6).

**II. Whether the Court should grant Plaintiff leave to amend.**

Defendant asks the Court to dismiss Plaintiff's premises liability claim with prejudice. ECF No. 3-1 at 1. Plaintiff's counsel filed a declaration that does not request leave to amend. ECF No. 9.

Once a court dismisses the complaint, it generally must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). A court may dismiss without leave to amend only if it is clear that an amendment cannot save the complaint. *Id.* Here, an amendment could save Plaintiff's premises liability claim because Plaintiff may allege facts that show the drive-thru window or another condition of the property was dangerous. The Court therefore **GRANTS** Plaintiff leave to amend her premises liability claim if she chooses.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss with leave to amend. Plaintiff may file an amended complaint within 21 days of the date of this order. The hearing set for November 6, 2026, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 26, 2026

Hon. Gonzalo P. Curiel
United States District Judge